UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| David Tatarian, *on behalf of himself and others similarly situated*,　　) | Case No: |
| ) | |
| ) | CLASS ACTION COMPLAINT |
| Plaintiff,　　) | |
| ) | JURY TRIAL DEMANDED |
| v.　　) | |
| ) | |
| Progressive Business Funding, Inc.,　　) | |
| ) | |
| Defendant.　　) | |
| ───────────────────────)  | |

**Nature of this Action**

1.　　David Tatarian ("Plaintiff") brings this class action against Progressive Business Funding, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.　　Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to deliver non-emergency text messages to telephone numbers assigned to a cellular telephone service without prior express consent.

**Jurisdiction and Venue**

3.　　This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.　　Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

**Parties**

5.　　Plaintiff is a natural person who at all relevant times resided in Plymouth, Michigan.

6.　　Defendant is a company based in Del Mar, California.

1

**Factual Allegations**

7. Defendant's website references Defendant's delivery of "recurring" text messages from 95319.

8. Defendant's terms of service reference Defendant's delivery of "calls . . . via automated technology and text and SMS messages."

9. Telephone number (734) XXX-8202 is, and at all relevant times was, assigned to a cellular telephone service.

10. Plaintiff is, and at all relevant times was, the user of, and subscriber to, telephone number (734) XXX-8202.

11. On or around March 28, 2018, Defendant delivered, from 95319, a text message to telephone number (734) XXX-8202, which read:

> It's Mike, w/ Progressive's SBA Dept. We still have your 250k Unsecured-Business Line of Credit ready. Call 866-284-9759 & Get Funded Today! Reply STOP to Cancel.

12. Shortly after receiving Defendant's text message Plaintiff responded: "STOP."

13. Defendant then replied: "You have been unsubscribed [sic] will receive no further messages."

14. No matter, later that day Defendant delivered, from 95319, another text message to telephone number (734) XXX-8202, which read:

> It's Mike, w/ Progressive's SBA Dept. We still have your 250k Unsecured-Business Line of Credit ready. Call 888-479-2848 & Get Funded Today! Reply STOP to Cancel.

15. Defendant's text message was identical to the previous text message it delivered to telephone number (734) XXX-8202, with the single exception of the suggested return call telephone number.

16.   When a caller dials 888-479-2848, he or she is greeted with an artificial or prerecorded voice that states: "Thank you for calling Progressive Business Funding. If you know your party's extension you may dial it now. If you are calling to discuss a loan approval or a loan offer, press 1 now. If we've reached you in error, press 9 now."

17.   Shortly after receiving Defendant's text message, Plaintiff again responded: "Stop."

18.   Defendant then again replied: "You have been unsubscribed [sic] will receive no further messages."

19.   Defendant's reply is identical to the previous reply it delivered to telephone number (734) XXX-8202, including the grammatical mistake.

20.   Many individuals other than Plaintiff have posted complaints online about receiving automated text messages from Defendant, examples of which are:

- Spam text: Hello, it's Michael Brighton from Progressive Funding's SBA Small Biz Department. We still have your your [sic] 250K Unsecured Business Line of Credet [sic] available. please call me at 888-908-9813 or visit us at www.progressiveSBA.com.

- Hello, it's Michael Brighton from Progressive Funding's SBA Small Biz Department. We still have your [sic] 250K Unsecured Business Line of Credet [sic] available. please call me at 888-908-9813 or visit us at www.progressiveSBA.com.

- Received 2 text one after another saying Michael Brighton from Progressive Funding's SBA line of credit like the others here. Googling yielded nothing, website likely malicious and the name is loosely based off of the government's SBA program.

- Got a text from 350-74, exactly as typed here: "Hello, it's Mark Stevens from Progressive Funding's SBA Small Biz Department. We still have your 250K Unsecured Business Line of Credit available, please call me at 888-908-9813 or visit us at www.ProgressiveSBA.com"

- Illegal text message from "953-19" that reads: "It's Mike, w Progressive' s SBA Dept. We still have your 250K Unsecured-Business Line of Credit ready. Call 866- 284-9759 & Get Funded ASAP! Reply STOP to Cancel

3

21. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the text messages at issue, Defendant used an automatic telephone dialing system to deliver the text messages at issue.

22. Defendant delivered its text messages to telephone number (734) XXX-8202 for non-emergency purposes.

23. Upon information and good faith belief, Defendant delivered its text messages to telephone number (734) XXX-8202 voluntarily.

24. Upon information and good faith belief, Defendant delivered its text messages to telephone number (734) XXX-8202 under its own free will.

25. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to deliver its text messages to telephone number (734) XXX-8202.

26. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to deliver its text message to telephone number (734) XXX-8202.

27. Plaintiff is not, nor was, one of Defendant's customers.

28. Plaintiff did not have, nor has, a business relationship with Defendant.

29. Plaintiff did not give Defendant prior express consent to deliver text messages to telephone number (734) XXX-8202 by using an automatic telephone dialing system.

30. Upon information and good faith belief, Defendant maintains business records that show all text messages it delivered, including those delivered to telephone number (734) XXX-8202.

31. Plaintiff suffered actual harm as a result Defendant's text messages in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

4

32. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system to deliver text messages, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

## Class Action Allegations

33. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes:

> *Class 1*: All persons and entities throughout the United States (1) to whom Progressive Business Funding, Inc. delivered, or caused to be delivered, a text message, (2) directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years of the date of this complaint through the date of class certification.
>
> *Class 2*: All persons and entities throughout the United States (1) to whom Progressive Business Funding, Inc. delivered, or caused to be delivered, a text message, (2), directed to a number assigned to a cellular telephone service, (3) by using an automatic telephone dialing system, (4) within four years of the date of this complaint through the date of class certification, (5) after Progressive Business Funding, Inc. was instructed to stop delivering text messages to the recipient's telephone number.

34. Excluded from the classes are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

35. Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

36. The exact number of the members of the classes is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

37. The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

38. In addition, the members of the classes are identifiable in that, upon information

and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

39. Plaintiff's claims are typical of the claims of the members of the classes.

40. As it did for all members of the classes, Defendant used an automatic telephone dialing system to deliver text messages to Plaintiff's cellular telephone number.

41. As it did for all members of the second class, Defendant continued to deliver text messages to Plaintiff's cellular telephone number despite having been instructed to stop delivering text messages to Plaintiff's cellular telephone number.

42. Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice, and procedure on the part of Defendant.

43. Plaintiff's claims are based on the same theories as are the claims of the members of the classes.

44. Plaintiff suffered the same injuries as the members of the classes.

45. Plaintiff will fairly and adequately protect the interests of the members of the classes.

46. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

47. Plaintiff will vigorously pursue the claims of the members of the classes.

48. Plaintiff has retained counsel experienced and competent in classes action litigation.

49. Plaintiff's counsel will vigorously pursue this matter.

50. Plaintiff's counsel will assert, protect, and otherwise represent the members of the classes.

51. The questions of law and fact common to the members of the classes predominate over questions that may affect individual members of the classes.

52. Issues of law and fact common to all members of the classes are:

   a. Defendant's conduct, pattern, and practice as it pertains to delivering automated text messages;

   b. Defendant's violations of the TCPA;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA; and

   d. The availability of statutory penalties.

53. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

54. If brought and prosecuted individually, the claims of the members of the classes would require proof of the same material and substantive facts.

55. The pursuit of separate actions by individual members of the classes would, as a practical matter, be dispositive of the interests of other members of the classes, and could substantially impair or impede their ability to protect their interests.

56. The pursuit of separate actions by individual members of the classes could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

57. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the classes.

58.   The damages suffered by each individual member of the classes may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the classes to redress the wrongs done to them.

59.   The pursuit of Plaintiff's claims, and the claims of the members of the classes, in one forum will achieve efficiency and promote judicial economy.

60.   There will be little difficulty in the management of this action as a class action.

61.   Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

62.   Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-61.

63.   The TCPA reads, in relevant part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) by using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \*   \*   \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

47 U.S.C. § 227(b)(1)(A)(iii).

64.   While the TCPA does not define "call," the Federal Communications Commission ("FCC") stated that the TCPA's prohibition of automated calls "encompasses both voice calls and

text calls to wireless numbers including, for example, short message service (SMS) calls." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003).

65. Subsequently, the FCC confirmed that the "prohibition on using automatic telephone dialing systems to make calls to wireless phone numbers applies to text messages (e.g., phone-to-phone SMS), as well as voice calls." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* 19 FCC Rcd. 15927, 15934 (FCC August 12, 2004).

66. Moreover, the FCC explained "that the TCPA and Commission rules that specifically prohibit using automatic telephone dialing systems to call wireless numbers already apply to any type of call, including both voice and text calls." *Id.* at 15933.

67. "Therefore, the FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

68. Here, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system to deliver text messages to telephone number (734) XXX-8202 without consent.

69. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the classes, are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver text messages to telephone number (734) XXX-8202, and to the cellular telephone numbers of members of the classes;

f) Awarding Plaintiff and the members of the classes damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the classes treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the members of the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: August 15, 2018        */s/ Aaron D. Radbil*
Greenwald Davidson Radbil PLLC
106 East Sixth Street, Suite 913
Austin, Texas 78701
Phone: (512) 322-3912
Fax: (561) 961-5684

aradbil@gdrlawfirm.com

Michael L. Greenwald
James L. Davidson
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
Tel: (561) 826-5477
Fax: (561) 961-5684
mgreenwald@gdrlawfirm.com
jdavidson@gdrlawfirm.com

Andrew Campbell
Attorney at Law
1000 Beach Street, Suite B West Entrance
Flint, MI 48502
Phone: (810) 232-4344
michiganbk@gmail.com

Counsel for Plaintiff and the proposed classes